UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Floorgraphics, Inc.,

        Plaintiff,

vs.                                                                                           MINUTE ORDER

News America Marketing In-Store
Services, Inc., and News America
Marketing In-Store, Inc.,

        Defendants.                                           Misc. No. 07-27 (PJS/RLE)

* * * * * * * * * * * * * * * * * * *

I. Introduction

On May 17, 2007, the Court heard argument on the Motion of the Defendants News America Marketing In-Store Services, Inc., and News America Marketing In-Store Inc. (collectively, "News America"), to Stay and Remit Enforcement of the Subpoena duces tecum, that the Plaintiff Floorgraphics, Inc. ("FGI"), has served upon the non-party Insignia Systems, Inc. ("Insignia"). The Subpoena was issued from this Court, and arises out of litigation that FGI has commenced in the United States District Court for the District of New Jersey. See, Floorgraphics, Inc. v. News America Marketing In-Store Services, Inc., Civ. No. 04-3500 (AET/JJH)(D.N.J.).

By way of additional background, News America, FGI, and Insignia, are all competitors in the in-store advertising market, and News America, and Insignia, are currently involved in unrelated litigation in this District.  See, <u>Insignia Systems, Inc. v. News America Marketing In-Store, Inc.</u>, Civ. No. 04-4213 (JRT/AJB)(D. Minn.). Insignia is a Minnesota corporation, and a non-party to this action, and therefore, FGI had issued, and then served, on March 13, 2007, a Subpoena <u>duces</u> <u>tecum</u> upon Insignia, in this District.  FGI also served a copy of the Subpoena upon News America on March 14, 2007.  News America received the Subpoena on March 15, 2007, and wrote to Insignia, on March 19, 2007, advising of its objection to Insignia's compliance with the Subpoena.[1]

On March 22, 2007, News America learned that Insignia agreed to produce the requested documents by April 6, 2007.  On April 6, 2007, News America filed the Motion now before the Court. See, <u>Docket No. 1</u>.  To date, Insignia has not voiced any objection to complying with the Subpoena, although it has yet to produce any of the requested materials, pending a resolution of News America's Motion.  See, <u>Affidavit</u>

---

[1] We note that the requested date of production, as listed on the Subpoena, appears to be a typographical error, as the specified date of production preceded the date of issuance.  See, <u>Affidavit of Stacey Anne Mahoney</u>, <u>Docket No. 3</u>, at ¶8; Exh. M. Insignia, and FGI, subsequently agreed upon April 6, 2007, as the production date. <u>Id.</u>, Exh. K.

of Stacey Anne Mahoney, Docket No. 3, at ¶¶6-8; Exhs. J-M. At the Hearing, counsel for both News America, and FGI, represented that a Motion for a Protective Order, related to the Subpoena in this District, currently pends before the United States District Court for the District of New Jersey, and that a Hearing on that Motion is scheduled for May 31, 2007.

At the time of the Hearing, News America appeared by Kerin E. Coughlin, Laurie J. Miller, and Stacey Anne Mahoney, Esqs.; FGI appeared by Amy Hertel and Richard Hess, Esqs.; and Insignia appeared by Robert Meller, Esq. For reasons expressed at the close of the Hearing, and briefly summarized below, we grant News America's Motion to Stay and Remit Enforcement of the Subpoena duces tecum, until such time as the District Court for the District of New Jersey rules upon the pending Motion for a Protective Order.

II. Discussion

News America requests that we Court stay the enforcement of the Subpoena, and "remit" any substantive issues concerning the enforcement of the Subpoena, to the District Court for the District of New Jersey which, all parties concede, is closely familiar with the issues to be litigated there, since that Court has overseen that action for three (3) years, and has ruled on at least two (2) discovery-related Motions that

pertain to several of the documents which FGI seeks in its Subpoena to Insignia. News America argues that the District Court for the District of New Jersey has already prohibited the discovery of the documents that are currently being sought by FGI. In turn, FGI contends that the documents it seeks from Insignia are not the subject of the New Jersey Court's previous discovery Orders. Moreover, FGI contends that this Court lacks jurisdiction to transfer enforcement of the Subpoena to another District, and offers the Court's analysis, and holding, in In re Sealed Case, 141 F.3d 337 (Fed. Cir. 1998), to support that contention.

Our Court of Appeals has adverted, in dicta, to the remittal of a Rule 45 Motion to the Court in which the underlying action pends, by the Court that issued the Subpoena. See, In re Digital Equipment Corp., 949 F.2d 228, 231 (8th Cir. 1991). Nothing in In re Digital conflicts with the thorough exposition of the jurisdictional question, which surrounds the resolution of such Motions, as contained in In re Sealed Case. There, the Court concluded that the transfer of a Motion to Enforce a Subpoena, by the Court of issuance to the Court entertaining the underlying action, was reversible error that was correctable by mandamus and, for reasons not altogether apposite here, the Court commended a stay on a discovery ruling, so as to allow the Court in the underlying action to address closely paralleling issues. As we stated at

the Hearing, we find that approach proper here, given the lengthy and exhaustive Motions practice that the underlying action has already engendered in the District of New Jersey.

Moreover, we find nothing in <u>In re Digital Equipment Corp.</u>, supra, to commend a different approach. As the Court explained, in <u>In re Sealed Case</u>, supra at 343, in the context of Rule 45, "remit" does not denote a literal transference of a Motion, but rather, a deferral of a ruling until the Court responsible for the underlying action has an occasion to address the issue. Such an approach has the commendable virtue of avoiding the issuing Court's perusal of a Record developed by the Court in the underlying action -- a Record that is known to that Court, as it was developed before that Court. Further, following that approach, the issuing Court does not abandon its inherent jurisdictional function of assuring that a resident of this District, over whom the Court in the underlying action does not have personal jurisdiction, is not needlessly caused to appear in a distant Court to address a Subpoena issued by a different Court. Here, since Insignia does not oppose the Subpoena, this factor has less importance, as the conflict is between News America, and FGI, who are both subject to the personal jurisdiction of the New Jersey Court.

Accordingly, we find the Court's analysis, in <u>In re Sealed Case</u> convincing, and we agree with that Court's observation that the "rules vest power to compel discovery from a nonparty, and to impose contempt sanctions for non-compliance, in the subpoena-issuing court," such that we maintain jurisdiction over the enforcement of a Subpoena issued pursuant to the authority of this Court. <u>Id.</u> at 342; cf., <u>In re Orthopedic Bone Screw Prods. Liab. Litig.</u>, 79 F.3d 46, 48 (7th Cir. 1996)("The Eastern District of Pennsylvania is authorized to act on the motions for protective orders, and the district judges in Wisconsin are free to stay local proceedings and then to abide by the decision of the district court in Pennsylvania.").

Accordingly, we conclude that judicial efficiency, as well as the comity which extends between Federal Courts, commends our stay of the enforcement of the Subpoena at issue here, as well as any further consideration of the issues presented, until after the District Court for the District of New Jersey considers News America's Motion for a Protective Order, which will soon be heard.[2] Moreover, given the history

---

[2] While we make no ruling on whether FGI is entitled to any of the documents it requests from Insignia, we remain puzzled why FGI did not approach the New Jersey Court, in the first instance, to obtain those documents directly from News America, rather than attempt to precipitate that dispute in this Court. While News America accuses FGI of attempting to "end-run" the rulings of the New Jersey Court, we are without a sufficient Record to address that characterization further but, frankly, we
(continued...)

of this case in the District of New Jersey, we are reluctant to resolve a dispute that could undermine rulings previously rendered by that Court. As a consequence, we "remit" the consideration of the issues arising from the enforcement of the challenged Subpoena to the District Court for the District of New Jersey.

Beyond its jurisdictional argument, FGI presents several other objections to News America's Motion. Specifically, FGI argues that News America lacks standing, and that News America's Motion is untimely. Several Courts have concluded that a party does not have standing to file a Motion for a Protective Order, so as to prevent the disclosure of information by a non-party in response to a Third Party Subpoena. See, Oliver B. Cannon and Son, Inc. v. Fidelity and Cas. Co. of New York, 519 F. Supp. 668, 680 (D. Del. 1981). However, those Courts have clarified that "a party may raise objections in situations where the party claims some personal right or privilege relating to the documents sought." Id., citing Norris Mfg. Co. v. R.E. Darling Co., 29 F.R.D. 1, 2 (D. Md. 1961). Here, since one of News America's objections is that the documents being requested by FGI contain News America's proprietary, as well as confidential information, and in view of FGI and News

---

²(...continued)
found unpersuasive FGI's attempted explanation of its employment of our Subpoena.

America being direct competitors in the same marketplace, we find that the nature of the information, which is contained in the requested documents, provides News America with sufficient standing to challenge the Subpoena.

In addition, FGI contends that News America's objection to the Subpoena is untimely, as its Motion for a Protective Order came outside the fourteen (14) day window that is provided by Rule 45(c)(2)(B), Federal Rules of Civil Procedure. However, as noted by our Court of Appeals, the Motion to Remit is controlled by Rule 26(c), Federal Rules of Civil Procedure. See, In re Digital Equip. Corp., supra at 231. "Generally, a motion for protective order must be made prior to the date set for the discovery." Tilley v. United States, 270 F. Supp. 2d 731, 735 n. 1 (M.D.N.C. 2003), quoting Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 414 (M.D.N.C. 1991); 8 Wright & Miller, Federal Practice and Procedure §2035, at 262-63 ("Ordinarily [a protective] order must be obtained before the date set for the discovery, and failure to move at that time will be held to preclude objection later.").

Further, the timeliness of written objections to a Subpoena, as provided in Rule 45(c)(2)(B), expressly applies to the non-party who is named in the Subpoena. Id. ("[A] **person commanded** to produce and permit inspection, copying, testing, or sampling may, **within 14 days after service of the subpoena or before the time**

**specified for compliance if such time is less than 14 days after service**, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises.")[emphasis added]. FGI has cited authority, to the effect that the fourteen (14) day time period also applies to a party in the underlying action.  See, Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co., 240 F.R.D. 44, 48 (D. Conn. 2007)("Nationwide was required to notice all grounds for its objection to the subpoena within the fourteen day window described in Rule 45(c)(2)(B), and was required to file a full privilege log within a 'reasonable time' thereafter."), citing In re DG Acquisition Corp., 151 F.3d 75, 81 (2nd Cir. 1998).

However, in Horace Mann, the objecting party waited over **four months** after the production date to file its privilege log, in support of its objections. Id.  In addition, FGI cites Oneida, Ltd. v. United States, 43 Fed Cl. 611, 616 n. 8 (Fed. Cl. 1999), where a party in the underlying litigation was held to have waived its objections to the production, as its Motion for a Protective Order was untimely. Again, however, the objections came **after** the specified dates for production. Id. at 616 ("In the instant case, counsel for Oneida waited until December 28, 1998, to object to the subpoenas duces tecum that were issued to Ms. Mitten and Mr. Kelley on October 30, 1998, and November 5, 1998, respectively," while "[t]he production

- 9 -

dates for these subpoenas were November 10, 1998 and November 12, 1998, respectively, and the depositions of Ms. Mitten and Mr. Kelley were conducted on November 12, 1998, and November 20, 1998.").

Since News America filed its present Motion on or before the purported date of Insignia's production, and since it moved for a Protective Order shortly thereafter in the District of New Jersey -- on April 12, 2007 -- we find that, under the totality of the circumstances, News America's Motion to Stay is timely. See, Ayers v. Continental Cas. Co., 240 F.R.D. 216, 221 (N.D. W.Va. 2007)(noting that Rule 26(c), Federal Rules of Civil Procedure does not "contain any explicit time limit for filing a motion for a protective order," and that "[m]otions for a protective order must be made before or on the date the discovery is due"), citing Brittain v. Stroh Brewery Co., supra at 413, and United States v. IBM Corp., 70 F.R.D. 700, 701 (S.D.N.Y. 1976). In the final analysis, the Subpoena at issue is this Court's, and not the parties' and, in the first instance, we exercise our discretion to assure that our Subpoena has not been abused, inadvertently or otherwise.

As to the specific objection, that certain of the documents were created solely by Insignia, and contain no information that News America could claim as proprietary, we defer a ruling on that issue until the parties "meet and confer" in an

- 10 -

effort to resolve that objection. Following the Hearing on May 31, 2007, counsel for News America shall promptly advise this Court, in writing, with a copy to counsel of Record here, of the ruling by the District Court for the District of New Jersey on the Motion for a Protective Order before that Court, and counsel are also to advise, promptly, concerning the extent to which, if at all, the Subpoena requests have been narrowed beyond what was identified in their Motion papers, either by way of parties' agreement, or the New Jersey Court's Order. Insignia has advised that the documents in question have been gathered, so a short delay in any ruling, occasioned by our Stay, will not contribute, in any appreciable way, to a delay of the proceedings in New Jersey.[3]

Lastly, following the Hearing on May 31, 2007, counsel shall jointly contact this Court's Calendar Clerk (218-529-3520), to advise of the need for a further Hearing, telephonic or otherwise, on any further issues.[4]

---

[3] Of course, should Insignia alter its position, and have any objections to providing the documents sought by the Subpoena duces tecum, in light of any ruling rendered by the District Court in New Jersey, it should promptly draw the objection to our attention in order that we may resolve a question well within our personal jurisdiction.

[4] We make plain, however, that if the production of Insignia's documents could responsibly be argued to contravene any Protective Order in the litigation involving Insignia that is before a different District Court within this District, then that issue
(continued...)

NOW, THEREFORE, It is --

ORDERED:

That the Motion of the Defendants News America to Stay and Remit Enforcement of the Subpoena <u>Duces</u> <u>Tecum</u> [Docket No. 1], that was issued by this Court, is GRANTED, and enforcement of that Subpoena is STAYED pending the conclusion of the Hearing, before the United States District Court for the District of New Jersey, which is currently scheduled for May 31, 2007.

BY THE COURT:

Dated: May 23, 2007               *s/Raymond L. Erickson*
                                  Raymond L. Erickson
                                  CHIEF U.S. MAGISTRATE JUDGE

---

⁴(...continued)
should be resolved before that Court, unless it is referred to the undersigned.